UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW CARR,

        Plaintiff,

    v.

BEVERLY HEALTH CARE AND
REHABILITATION SERVICES, INC.,

        Defendant.

_____/

No. C-12-2980 EMC

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

**(Docket No. 55)**

Plaintiff Andrew Carr has filed an action against Defendant Beverly Health and Rehabilitation Services, Inc. ("BHRS") (doing business as Golden LivingCenter – Petaluma), in which he asserts both individual claims and class/collective claims, all related to his former employment with BHRS. Currently pending before the Court is BHRS's motion to dismiss. BHRS contends that Mr. Carr's claims should be dismissed based on judicial estoppel – *i.e.*, because (1) he knew of the facts underlying his claims prior to filing bankruptcy in July 2011, but (2) he never disclosed the existence of his claims to the bankruptcy court.

Having considered the parties' briefs, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss.

## I.   FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Carr alleges as follows.

BHRS operates nursing facilities throughout the state of California. Mr. Carr began working for BHRS in or about October 2009. While employed at BHRS, Mr. Carr worked as a licensed vocational nurse ("LVN"). He was terminated from employment on June 13, 2011. *See* Compl. ¶ 6.

According to Mr. Carr, BHRS violated federal and state wage-and-hour law by, *e.g.*, failing to pay minimum wages and overtime and failing to pay for missed rest periods and meal breaks. *See, e.g.*, Compl. ¶¶ 41, 59.  Mr. Carr seeks class action/collective action status for these claims.

In addition to the above claims, Mr. Carr brings claims on his own behalf.  For his individual claims, Mr. Carr alleges that, *e.g.*, he was subject to a hostile work environment (based on his sexual orientation) and that he was wrongfully terminated or retaliated against (*e.g.*, for complaining about patient abuse and health violations).  *See, e.g.*, Compl. ¶¶ 65-66.

Approximately one month after he was terminated by BHRS, *i.e.*, in July 2011, Mr. Carr filed for Chapter 7 bankruptcy in this District.  *See* Mot., Ex. A (bankruptcy petition).  Mr. Carr was represented by counsel during the bankruptcy proceeding.[1]  In Schedule B of the bankruptcy petition, Mr. Carr was required to itemize his personal property.  Of particulate note, category 21 asked Mr. Carr to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each."  Mot., Ex. A (Schedule B of bankruptcy petition).  Mr. Carr's response was "none."  Furthermore, nowhere else in the petition did Mr. Carr make any reference to potential claims against BHRS.

Subsequently, the bankruptcy trustee submitted a statement to the bankruptcy court stating that "there is no property available for distribution from the estate over and above that exempted by law."  Mot., Ex. C (trustee's report).  Thereafter, in October 2011, the bankruptcy court issued an order discharging Mr. Carr pursuant to 11 U.S.C. § 727.  More than six months later, Mr. Carr initiated this lawsuit against BHRS.

In the instant motion, BHRS takes the position that, under the doctrine of judicial estoppel, Mr. Carr's failure to disclose his claims against BHRS to the bankruptcy court now precludes him from bringing those same claims before this Court.

///

///

///

---

[1] Bankruptcy counsel was not the same as counsel in the instant case.

**United States District Court**

For the Northern District of California

## II. DISCUSSION

A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged.  *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949.

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  However, "[a] court may . . . consider certain materials – [including] matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Here, the Court may take judicial notice of the papers filed in the bankruptcy proceeding, in particular, Mr. Carr's petition and the bankruptcy court's order of discharge.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2011) (noting that a court may take judicial notice of matters of public record); *Martinez v. Extra Space Storage, Inc.*, No. C 13-00319 WHA, 2013 U.S. Dist. LEXIS 105079, at *3 (N.D. Cal. July 26, 2013) ("tak[ing] judicial notice of the petition for Chapter 7 bankruptcy of [plaintiff] on August 1, 2012, the discharge of debtor [plaintiff] on November 5, 2012, and the docket history from the [plaintiff']s bankruptcy").

**United States District Court**
For the Northern District of California

B.      Judicial Estoppel

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  The application of the doctrine "is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Id.* at 783.  The Ninth Circuit "invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" *Id.* at 782.  In short, the doctrine is designed in large part to preserve the integrity of the courts.

Under Ninth Circuit law, three factors that a court "*may* consider" in determining whether to apply the doctrine of judicial estoppel are as follows: (1) whether the party's later position is "clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 782-83 (emphasis in original and internal quotation marks omitted; citing *New Hampshire v. Maine*, 532 U.S. 742 (2001)).  These factors shall hereinafter be referred to as the *New Hampshire* factors.

The Ninth Circuit has also held that, in the bankruptcy context specifically, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784; *see also Ah Quin v. County of Kauai DOT*, No. 10-16000, 2013 U.S. App. LEXIS 15076, at *7 (9th Cir. July 24, 2013) (stating that, "[i]n the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action"); *Hay v.*

*First Interstate Bank, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) ("recogniz[ing] that *all* facts were not known to Desert Mountain at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court") (emphasis in original); *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999) (stating that "[t]he debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information . . . prior to confirmation to suggest that it may have a possible cause of action, then that is a known cause of action such that it must be disclosed") (internal quotation marks omitted).

However, the Ninth Circuit has also recognized that judicial estoppel will not apply where there was an inadvertent or mistaken omission from a bankruptcy filing. *See Ah Quin*, 2013 U.S. App. LEXIS 15076, at *9-10.

In the instant case, the Court concludes that judicial estoppel is appropriate because (1) his contention that he would not obtain an unfair advantage if not estopped is not plausible; and (2) his claim of inadvertence or mistake so as to relieve him from estoppel is similarly implausible.

      1.    <u>Unfair Advantage</u>

Mr. Carr does not make any serious contention that the first two *New Hampshire* factors have not been satisfied here. Clearly, his pending lawsuit against BHRS is inconsistent with his earlier position before the bankruptcy court that he did not have any contingent or unliquidated claims of any nature. Also, the bankruptcy court clearly accepted that earlier position in ultimately discharging Mr. Carr from bankruptcy.

Mr. Carr, however, does argue that the third *New Hampshire* factor has not been met. More specifically, he asserts that there is an insufficient showing that he deliberately tried to gain an unfair advantage, and therefore – at least at this juncture in the proceedings (12(b)(6), and not summary judgment) – judicial estoppel cannot be applied to bar his suit. According to Mr. Carr, what evidence there is actually weighs in his favor – *i.e.*, at the time of his bankruptcy filing, he did not mention any claims against BHRS because "he simply was not contemplating filing suit against [the company]," Opp'n at 7-8, as evidenced by the fact that he did not meet with his present counsel until

several months after commencement of the bankruptcy proceeding.[2]  *See* Carr Decl. ¶ 4 (stating that, "[m]onths after I filed . . . my voluntary bankruptcy petition on June 30, 2011, an acquaintance suggested that I consult with David Harris").

This argument is not convincing because, in *Hamilton*, the Ninth Circuit stated that it was "immaterial" that the plaintiff did not file his action against the defendant "for one year after filing for bankruptcy.  Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784.  Here, there is no question that, at the time of the bankruptcy, Mr. Carr had knowledge of the facts giving rise to the lawsuit herein – he had already been terminated from BHRS and had suffered the wrongdoings alleged herein.

Mr. Carr protests still that judicial estoppel should not be a bar at this juncture in the proceedings because, at the very least, "there is still an open question as to whether omitting the present claims from the bankruptcy filings actually provided Plaintiff with an unfair advantage in his bankruptcy."  Opp'n at 7.  In support of this argument, Mr. Carr relies on *Moreno v. Autozone*, No. C05-04432 MJJ, 2007 U.S. Dist. LEXIS 29432 (N.D. Cal. Apr. 9, 2007).  There, Judge Jenkins noted as follows:

> In *Hays*, *Oneida*, and *Burnes* [Ninth, Third, and Eleventh Circuit decisions, respectively], the record permitted an inference that disclosure of the claims *would have altered the course of the bankruptcy proceedings*.  Put another way, the facts of each case demonstrated that the bankruptcy court, the creditors, or the trustee relied on the debtor's prior inconsistent position to the debtor's advantage in the subsequent proceedings.  Under such circumstances, judicial estoppel was appropriately applied to preserve the integrity of the bankruptcy proceedings and prevent an unjust result.  Here, the Court concludes that Defendants have failed to proffer sufficient evidence to shift the burden to Moreno to demonstrate a triable issue as to whether judicial estoppel is appropriate.  While it is undisputed that Moreno did not disclose the present claims, the value of those claims is uncertain, and the effect, if any, that disclosure would have

---

[2] Because the Court has before it a 12(b)(6) motion, it ordinarily would not consider a declaration as the declaration would be outside the four corners of the complaint and could not be judicially noticed.  However, here, the Court shall consider the declaration from Mr. Carr if only because, even taking into account the claims in the declaration, Mr. Carr still cannot defeat the motion to dismiss.  It also demonstrates the futility of amending the complaint.

United States District Court

For the Northern District of California

1   had on the course of the bankruptcy proceedings is purely speculative.
2   This is not a situation where Moreno seeks to recover from one of her
    creditors, or where the amount in controversy is clearly established as
3   being so large that disclosure would have undoubtedly changed the
    outcome of the bankruptcy proceedings. Based on the present record,
4   the Court declines to apply judicial estoppel to Moreno's claims, and
    denies that portion of Defendants' Motion without prejudice to
5   Defendant's right reassert a judicial estoppel argument in the future if
    appropriate.

6   *Id.* at *22-23 (emphasis added).

7       But *Moreno* is not binding authority on this Court. In fact, recent Ninth Circuit authority

8   suggests that, in the bankruptcy context, the mere fact of a discharge constitutes an unfair advantage

9   (*i.e.*, a court need not delve into the issue of whether a disclosure would have affected the

10  bankruptcy court's decision to discharge). *See Ah Quin*, 2013 U.S. App. LEXIS 15076, at *7

11  (stating that, "[i]n the bankruptcy context, the federal courts have developed a basic default rule: If a

12  plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and

13  obtains a discharge (or plan confirmation), judicial estoppel bars the action"). Thus, judicial

14  estoppel does not require proof of materiality of the omission or misrepresentation to the bankruptcy

15  trustee or to any of the other bankruptcy players such as the bankruptcy court or creditors.

16      Furthermore, in *Hamilton*, the Ninth Circuit expressly stated that it "invokes judicial estoppel

17  not only to prevent a party from gaining an advantage by taking inconsistent positions, but also

18  because of 'general considerations of the orderly administration of justice and regard for the dignity

19  of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'"

20  *Hamilton*, 270 F.3d at 782. In the bankruptcy context, the latter is particularly important because

21  "'the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of

22  their assets.'" *Id.* at 785 (emphasis omitted). In *Ah Quin*, the Ninth Circuit underscored the same

23  point. *See Ah Quin*, 2013 U.S. App. LEXIS 15076, at *17, 19 (stating that "full disclosure in

24  bankruptcy is essential to the functioning of the bankruptcy system, a fact that 'cannot be

25  overemphasized'"; also stating that " the doctrine of judicial estoppel is concerned with the integrity

26  of the *courts*, not the effect on parties") (emphasis in original). Requiring proof of materiality and

27  causation would greatly compromise the availability and effectiveness of the doctrine of judicial

28  estoppel.

United States District Court
For the Northern District of California

1    Taking into account the above, the Court concludes that Mr. Carr's argument based on unfair

2    advantage is not plausible. Accordingly, this is precisely the kind of case where judicial estoppel

3    should apply.[3]

4        2.    Inadvertence or Mistake

5    Mr. Carr's final argument is that judicial estoppel nevertheless should not be applied here

6    because his omission from the bankruptcy filings was a mistake. In a declaration, Mr. Carr

7    maintains that he did not even realize that he "had a potential claim or claims against [BHRS]" at the

8    time of his bankruptcy filing. Carr Decl. ¶ 2; *see also* Opp'n at 7 (asserting that "Plaintiff's lack of

9    awareness as to the viability of his claims is an entirely plausible explanation for [his] bankruptcy-

10   proceeding omission").

11   While, as noted above, the Ninth Circuit does recognize an inadvertence/mistake exception

12   for judicial estoppel, the Court rejects its application in the case at bar. Under Ninth Circuit case

13   law, what is crucial is whether the debtor-plaintiff has knowledge of the underlying facts

14   constituting the wrongdoing, not whether the wrongdoing necessarily gives rise to a legal cause of

15   action. *See Hamilton*, 270 F.3d at 784 (stating that "[j]udicial estoppel will be imposed when the

16   debtor has knowledge of enough facts to know that a potential cause of action exists during the

17   pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the

18   cause of action as a contingent asset"); *Hay*, 978 F.2d at 557 ("recogniz[ing] that *all* facts were not

19   known to Desert Mountain at that time, but enough was known to require notification of the

20   existence of the asset to the bankruptcy court") (emphasis in original). Notably, in *Hamilton*, the

21   Ninth Circuit quoted approvingly part of a Fifth Circuit opinion which stated that "[t]he debtor need

22   not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough

23   _____

24       [3] Even if the Court were to give some weight to *Moreno*, it should be noted that, as a factual
     matter, Mr. Carr was not simply asserting hour-and-wage claims which the bankruptcy trustee might

25   reasonably abandon either because the individual claims were of insignificant value or because the
     class/collective action claims were too burdensome to litigate; rather, Mr. Carr was also asserting

26   individual claims for a hostile work environment (based on his sexual orientation) and wrongful
     termination/retaliation (*e.g.*, for complaining about patient abuse and health violations) for which he

27   was seeking substantial damages. *See* Comp. at 35 (in prayer for relief, seeking, *inter alia*, lost
     wages, retirement and other employee benefits, emotional distress damages, punitive damages, and

28   so forth).

**United States District Court**

For the Northern District of California

1    information . . . prior to confirmation to suggest that it may have a possible cause of action, then that

2    is a known cause of action such that it must be disclosed."  *Hamilton*, 270 F.3d at 784-85 (quoting *In*

3    *re Coastal Plains, Inc.*, 179 F.3d at 208 (5th Cir. 1999) (internal quotation marks omitted).

4           Here, there is no dispute that, at the very least, Mr. Carr knew of the facts underlying his

5    harassment and wrongful termination/retaliation claims by the time of his termination, and, for Mr.

6    Carr to claim that he did now know that these facts gave rise to a possible cause of action strains

7    credulity and is entirely implausible.

8           The Court acknowledges Mr. Carr's alternative argument that he did not "realize that, if I

9    had any such potential claims [against BHRS], they were required to be referenced in the bankruptcy

10   paperwork."  Carr Decl. ¶ 2.  But "ignorance of the law is no excuse," particularly where, as here,

11   Mr. Carr was represented by counsel during bankruptcy proceedings.  *Montgomery v. National City*

12   *Mortgage*, No. C-12-1359 EMC, 2012 U.S. Dist. LEXIS 75704, at *18 (N.D. Cal. May 31, 2012);

13   *see also Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005) (stating that "to claim

14   that her failure to disclose was inadvertent [plaintiff] must show not that she was unaware that she

15   had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was

16   unaware of the facts giving rise to them"); *Galin v. IRS*, 563 F. Supp. 2d 332, 341 (D. Conn. 2008)

17   (stating that "[t]he law is clear that legal advice and ignorance of the law are not defenses to judicial

18   estoppel")); *cf. Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1159 (10th Cir. 2007) (giving little

19   weight to the debtor-plaintiff's "assertion that he simply did not know better and his attorney 'blew

20   it'").  The Court acknowledges that, in *Heffelfinger v. Electronic Data Systems Corp.*, 492 Fed.

21   Appx. 710 (9th Cir. 2012), the Ninth Circuit found that, at the summary judgment phase, there was a

22   genuine issue of material fact with respect to inadvertence or mistake simply because the plaintiff-

23   debtor had submitted a declaration, asserting that "'I did not disclose [this lawsuit] to the bankruptcy

24   court or trustee because I had no idea that I should.'" *Id.* at 713.  But *Heffelfinger* – while citable

25   authority, *see* Fed. R. App. P. 32.1(a), – is not binding authority as it is an unpublished opinion; nor

26   does it purport to change existing precedent.  *Hamilton* remains binding precedent.

27

28

Accordingly, the Court finds no plausible basis for Mr. Carr to invoke the inadvertence/mistake exception to judicial estoppel.

### III.   CONCLUSION

For the foregoing reasons, the Court grants BHRS's motion to dismiss.  The dismissal is with prejudice as, even when the Court takes Mr. Carr's declaration into account, there is no plausible basis for finding that judicial estoppel should not apply.

The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 55.

IT IS SO ORDERED.

Dated: November 5, 2013

_____
EDWARD M. CHEN
United States District Judge