UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARR, | No. C-12-2980 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |
| BEVERLY HEALTH CARE AND REHABILITATION SERVICES, INC., | **(Docket No. 67)** |
| Defendant. | |

Plaintiff Andrew Carr filed suit against Defendant Beverly Health and Rehabilitation Services, Inc. ("BHRS"), in which he asserted both individual claims and class/collective claims related to his former employment with BHRS. On November 5, 2013, the Court granted BHRS's motion to dismiss on the basis of judicial estoppel, and a final judgment was entered in favor of BHRS. *See* Docket Nos. 65-66 (order and final judgment). Mr. Carr subsequently filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59. That motion is now currently pending before the Court. Having considered the parties' briefs, the Court hereby **DENIES** Mr. Carr's motion.

"Reconsideration under Rule 59(e) is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. Cal. 2010). Here, Mr. Carr is moving for reconsideration on the basis of clear error or manifest injustice. The Court does not find Mr. Carr's arguments persuasive.

1    For example, Mr. Carr argues that the Court improperly decided the issue of judicial estoppel
2 at the 12(b)(6) phase (*i.e.*, the issue should have been deferred until summary judgment).  However,
3 many courts have in fact resolved the issue of judicial estoppel upon a 12(b)(6) motion.  *See, e.g.*,
4 *Kimble v. Donahoe*, 511 Fed. Appx. 573, 575 (7th Cir. 2013) (affirming district court's 12(b)(6)
5 order finding, *inter alia*, judicial estoppel in the bankruptcy context); *Abuan v. JPMorgan Chase &*
6 *Co.* No. 13cv1315 L (JMA), 2013 U.S. Dist. LEXIS 143474, at *11-12 (S.D. Cal. Oct. 3, 2013) (on
7 12(b)(6) motion, "find[ing] that Plaintiff's claims that arose during the pendency of her bankruptcy
8 proceedings are judicially estopped"; giving plaintiff leave to amend only because she might "have
9 claims that arose after her bankruptcy discharge which are not subject to judicial estoppel"); *Black v.*
10 *Midland Credit Mgmt.*, No. C13-5626 RBL, 2013 U.S. Dist. LEXIS 130787, at *4-8 (W.D. Wash.
11 Sept. 12, 2013) (on 12(b)(6) motion, concluding that plaintiff was judicially estopped from bringing
12 a FDCPA claim); *Kaufman v. Capital Quest, Inc.*, No. C-11-1301 JCS, 2011 U.S. Dist. LEXIS
13 134589, at *46-49 (N.D. Cal. Nov. 22, 2011) (on 12(b)(6) motion, finding that plaintiff's failure to
14 disclose claims to bankruptcy court resulted in judicial estoppel); *Rose v. Beverly Health & Rehab.*
15 *Servs.*, No. CV F 06-0067 AWI DLB, 2006 U.S. Dist. LEXIS 91741, at *27-28 (E.D. Cal. Dec. 8,
16 2006) (on 12(b)(6) motion, finding judicial estoppel applicable in bankruptcy context); *cf. Oneida*
17 *Motor Freight Inc. v. United Jersey Bank*, 848 F.2d 414, 420 (3d Cir. 1988) (stating that "[t]he
18 district court, although focusing primarily upon basic principles of res judicata, properly stressed the
19 debtor's special duty of candid disclosure when it granted the bank's motion to dismiss").

20    The fact that courts have also declined to resolve the issue on a 12(b)(6) motion is not
21 dispositive.  For example, in *Martinez v. Extra Space Storage, Inc.*, No. C 13-00319 WHA, 2013
22 U.S. Dist. LEXIS 105079 (N.D. Cal. July 26, 2013), Judge Alsup did deny a 12(b)(6) motion to
23 dismiss on the basis of judicial estoppel because the plaintiff's "intent in failing to list her claims
24 against defendants in her bankruptcy schedules is a disputed issue of material fact." *Id.* at *7.  But
25 here, Mr. Carr submitted a declaration which the Court took into account in deciding whether to give
26 leave to amend – and that declaration gave no basis for showing that judicial estoppel should not
27 apply or that the inadvertence/mistake exception to judicial estoppel should.  *See* Docket No. 65
28 (Order at 6 n.2) (noting that, although the motion before it was a 12(b)(6) motion, the Court would

"consider the declaration from Mr. Carr if only because, even taking into account the claims in the declaration, Mr. Carr still cannot defeat the motion to dismiss[;] [i]t also demonstrates the futility of amending the complaint"); *cf. Krug v. Wells Fargo Bank, N.A.*, No. C 11-5190 RS, 2011 U.S. Dist. LEXIS 143218, at *10 (N.D. Cal. Dec. 13, 2011) (on 12(b)(6) motion, giving plaintiff leave to amend a TILA claim if he could, *inter alia*, allege "a basis for not having disclosed the claim in the bankruptcy proceedings").

Mr. Carr's other arguments are equally unavailing. As the Court explained in its prior order, "the mere fact of a discharge constitutes an unfair advantage (*i.e.*, a court need not delve into the issue of whether a disclosure would have affected the bankruptcy court's decision to discharge)." Docket No. 65 (Order at 7). Therefore, Mr. Carr has no basis for suggesting that judicial estoppel should not be applied to his class/collective claims (wage and hour). Moreover, Mr. Carr has failed to articulate any basis for asserting that he inadvertently or mistakenly failed to disclose his class/collective claims to the bankruptcy court. The Court's prior order also addressed why Mr. Carr's previously submitted declaration failed to establish a basis for claiming inadvertence or mistake. *See* Docket No. 65 (Order at 8-10).

Accordingly, Mr. Carr's motion to reconsider is denied.

This order disposes of Docket No. 67.

IT IS SO ORDERED.

Dated: January 3, 2014

_____
EDWARD M. CHEN
United States District Judge