UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CARR,<br><br>        Plaintiff,<br><br>    v.<br><br>BEVERLY HEALTH CARE AND REHABILITATION SERVICES, INC.,<br><br>        Defendant.<br>_____/ | No. C-12-2980 EMC<br><br>**ORDER DENYING VEURINK'S MOTION TO INTERVENE**<br><br>**(Docket Nos. 71, 81, 82)** |

        The Court entered a final judgment in this case on November 5, 2013. *See* Docket No. 66 (final judgment). On January 2, 2014, Leslie Veurink filed the currently pending motion to intervene. After briefing on the intervention motion was completed, Plaintiff Andrew Carr filed a notice of appeal with respect to the final judgment entered by the Court (as well as the Court's order denying his motion for reconsideration). *See* Docket No. 79 (notice). In light of Mr. Carr's appeal, this Court now lacks the jurisdiction to entertain Ms. Veurink's intervention motion. *See, e.g.*, *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (holding that "the district court was correct to deny the motion to intervene . . . because once a notice of appeal was filed, the district court was divested of jurisdiction").

        To the extent Ms. Veurink asks the Court to make an indicative ruling on her intervention motion pursuant to Federal Rule of Civil Procedure 62.1, the request is denied. First, Rule 62.1(a) is predicated on there being a "timely motion . . . for relief." Fed. R. Civ. P. 62.1(a). Second, even if

1 the intervention motion were timely for purposes of Rule 62.1(a), the Court would not be inclined to
2 grant the intervention motion on the merits.

3 Under Federal Rule of Civil Procedure 24, intervention – whether as of right or permissive –
4 must be timely made. *See generally* Fed. R. Civ. P. 24(a)-(b). Here, Ms. Veurink has given no good
5 explanation as to the reason or factual basis for her delay in seeking to intervene. *See United States*
6 *v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004) (stating that "[a] party must intervene when
7 he 'knows or has reason to know that his interests *might* be adversely affected by the outcome of
8 litigation'") (emphasis added). No declaration was submitted by Ms. Veurink either as a part of her
9 opening motion or even in her reply brief. Furthermore, "postjudgment intervention is generally
10 disfavored," in particular, "because it creates 'delay and prejudice to existing parties,'" *Calvert v.*
11 *Huckins*, 109 F.3d 636, 638 (9th Cir. 1997), and, in the instant case, there is a sufficient showing of
12 prejudice. More specifically, if the Court were to allow Ms. Veurink to intervene, she would be
13 entitled to the benefit of equitable tolling for statute-of-limitations purposes. *See Employers-*
14 *Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 925
15 (9th Cir. 2007) (stating that "the commencement of an original class suit tolls the running of the
16 statute of limitations for all purported members of the class until class certification is denied").
17 Without intervention, Ms. Veurink would be compelled to file a new suit for which BHRS would
18 have smaller exposure given that the statute of limitations would not reach as far back as Mr. Carr's
19 case. Allowing intervention deprives BHRS of the benefit of the statute of limitations, a cognizable
20 prejudice.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, the Court **DENIES** Ms. Veurink's motion to intervene on the basis that it is without jurisdiction to entertain the motion. The Court also denies Ms. Veurink's request for a Rule 62.1 indicative ruling. Finally, the Court **GRANTS** BHRS's motion for leave to file a sur-reply, in which it raised the jurisdictional issue for the Court's consideration, as well as Ms. Veurink's response to that motion.

This order disposes of Docket Nos. 71, 81, and 82.

IT IS SO ORDERED.

Dated: February 14, 2014

_____
EDWARD M. CHEN
United States District Judge

3